IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Brunswick, Georgia
*By cking at 11:12 am, Apr 01, 2011*

IN RE:                          )
JERRYLYNN HOELSCHER             )      CHAPTER 7 CASE
                                )      NUMBER 11-20347
     Debtor                     )

## ORDER DENYING APPLICATION FOR
## WAIVER OF CHAPTER 7 FILING FEE

This matter is before me on the Application for Waiver of the Chapter 7 Filing Fee ("Application") filed by Debtor JerryLynn Hoelscher. The Application is denied, because Hoelscher is able to pay the filing fee in installments.

### BACKGROUND

Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the bankruptcy court may waive the chapter 7 filing fee for an individual debtor who meets two requirements. First, the debtor's income must be less than 150 percent of the official poverty line income applicable to the debtor's family size. 28 U.S.C. § 1930(f)(1). In addition, the debtor must be unable to pay the filing fee in installments. Id.

Here, it is apparent from the Application and the bankruptcy schedules that Hoelscher satisfies the income

requirement for a filing fee waiver.[1] The Application and schedules do not, however, establish that Hoelscher is unable to pay the filing fee in installments.

On the one hand, Hoelscher's budget is bare bones. She and her husband have no income other than Social Security benefits (ECF No. 1 at 20); their monthly expenses do not include luxuries (id. at 21); and monthly expenses exceed income by $517 (id.). The Application states that attorney's fees for the bankruptcy case will be paid by the Georgia Legal Services Program. (ECF No. 5 at 2.) All information in the Application is consistent with information in the schedules.

On the other hand, at the time her petition was filed, Hoelscher had $3,423.90 in bank accounts claimed as exempt (ECF No. 1 at 12): $121.53 in an individual checking account, $1,999.97 in an individual savings account, and $1,302.40 in a joint checking account with her husband (ECF No. 5 at 1). Concerning this money, Hoelscher stated, "What little cash we have on hand is the last remainder of our savings on which we have been living the last few years." (Id. at 2.)

---

[1] Hoelscher's average monthly household income of $1,789.00, shown on Line 16 of her Schedule I, is less than the disqualifying income of $1,838.75 for a two-person household. See http://aspe.hhs.gov/poverty11poverty.shtml.

2

AO 72A

(Rev. 8/82)

## DISCUSSION

It is the debtor's burden to prove by a preponderance of the evidence that the statutory requirements for waiver have been met. In re Burr, 344 B.R. 234, 236 (Bankr. W.D.N.Y. 2006). Under procedures established by the Judicial Conference of the United States and implemented by the courts, the totality of the circumstances determines whether the debtor is unable to pay the filing fee in installments. *JCUS Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, ¶ II.A.5, http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/JCUSInterrimProcedures.aspx (promulgated August 11, 2005); In re Lephew, 380 B.R. 171, 176 (Bankr. W.D. Va. 2007); In re Spisak, 361 B.R. 408, 412 (Bankr. D. Vt. 2007); In re Robinson, No. 06-40288, 2006 WL 3498296, at *1 (Bankr. S.D. Ga. July 19, 2006); In re Nuttall, 334 B.R. 921, 923 (Bankr. W.D. Mo. 2005).

In examining the totality of the circumstances, courts consider a non-exclusive list of factors, including whether:

- expenses exceed income on the debtor's schedules;

- discrepancies exist between the debtor's application and the schedules;

- collateral sources of income from family or friends could be available to pay the filing fee;

- unreasonable expenses were listed that could be directed to the filing fee;

3

- an attorney would be paid by the debtor after the filing of the case;

- property listed as exempt could be used to pay the filing fee.

Spisak, 361 B.R. at 413-14.

Here, the first five factors weigh in favor of a conclusion that Hoelscher is unable to pay the filing fee in installments. The final factor, however, weighs against that conclusion and is determinative in the circumstances here: On the date the petition was filed, Hoelscher had the money to pay the filing fee in full more than ten times over from the three bank accounts she listed as exempt.

"There is no constitutional right to obtain a discharge of one's debts in bankruptcy." United States v. Kras, 409 U.S. 434, 446 (1973). Although the Bankruptcy Code as amended by BAPCPA now provides that courts may waive the filing fee for a chapter 7 case, "Congress did not intend for the courts to waive filing fees for all those who simply preferred not to pay them or even for those who could not easily pay them, but rather to limit such benefit to those who both have very modest income and truly are without other means to pay the requisite filing fee," In re Lephew, 380 B.R. at 179.

Here, Hoelscher could have paid the $299 filing fee outright and still have preserved more than 90% of the money in her checking and savings accounts. Accordingly, she is not

4

AO 72A

(Rev. 8/82)

without the means to pay the filing fee and thus is not in the category of debtors whom Congress intended to benefit with the discretionary waiver.

CONCLUSION

Hoelscher has failed to prove by a preponderance of the evidence that she is eligible for a waiver of the chapter 7 filing fee under 28 U.S.C. § 1930(f)(1). Although her income is below the statutory ceiling, the totality of the circumstances indicates that Hoelscher is able to pay the filing fee in installments.

The Application for Waiver of the Chapter 7 Filing Fee is therefore **ORDERED DENIED** and

**FURTHER ORDERED** that Hoelscher must pay the chapter 7 filing fee in no more than four installments by July 22, 2011, that date being 120 days after the date of the filing of the petition under Rule 1006(b)(2) of the Federal Rules of Bankruptcy Procedure. Failure to timely pay the filing fee in full may subject the case to dismissal.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this ___ day of March, 2011.

AO 72A

(Rev. 8/82)